PROST, Circuit Judge,
dissenting-in-part.
I join Part III of the majority opinion and concur in the result affirming the transfer from the United States District Court for the District of Guam to the United States Court of Federal Claims. I do not join Parts I and II of the majority opinion, however, because they foreclose dismissal of frivolous claims for lack of jurisdiction if the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source.[1]
First, resolution of this nonfrivolous question is not required in the present case. The government does not argue that the plaintiffs’ takings claims are frivolous or that they should not be transferred to the Court of Federal Claims, as long as the claims are not construed as due process claims.[2] See Oral Arg. at 31:36-50, 33:13-54, available at http://www.cafc. uscourts.gov/oralarguments/mp3/2007-1410.mp3. Additionally, while the parties were questioned about Fisher v. United States at oral argument, this issue was not briefed or raised by either party, nor was it raised before or considered by the district court. 402 F.3d 1167 (Fed.Cir.2005).
Second, the majority has not satisfactorily explained why the determination of Tucker Act jurisdiction in the Court of Federal Claims differs from that of general federal question jurisdiction under 28 U.S.C. § 1331 relating to the dismissal of frivolous claims for lack of jurisdiction. The Supreme Court has indicated that a district court may lack jurisdiction if a “claim ‘clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.’ ” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). As the Court has explained, “[djismissal for lack of subject-matter jurisdiction be *1311 cause of the inadequacy of the federal claim is proper only when the claim is ‘so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.’ ” Id. (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)); see also Moden v. United States, 404 F.3d 1335, 1341 (Fed. Cir.2005) (same). The majority has certainly not shown why, under the Tucker Act, we should foreclose the dismissal of claims for lack of jurisdiction that are so frivolous or insubstantial as to not involve a federal controversy.
Third, as the majority opinion correctly notes, “[i]n Fisher, following White Mountain, the en banc court explicitly overruled our previous approach, set out in Gollehon Farming v. United States, 207 F.3d 1373 (Fed.Cir.2000).” Majority Op. at 1307. Contrary to the suggestion by the majority, however, I do not read Fisher as having resolved the issue of whether a non-frivolous claim for relief is required for Tucker Act jurisdiction. See id. Rather, I read Fisher as overruling the two step approach, set out in Gollehon, for addressing the issue of whether a source is money-mandating. See Fisher, 402 F.3d at 1172-73. As we explained in Moden, “Fisher addressed how the Court of Federal Claims should determine whether the ‘Constitutional provision, statute, or regulation is one that is money-mandating.’ ” 404 F.3d at 1341. In the present case, as in Moden, however, “the parties do not dispute that the Takings Clause of the Fifth Amendment is money-mandating.” Id. Thus, the Fisher issue of the proper approach to determining whether a source is money-mandating is not present here.
Finally, for the Court of Federal Claims to have jurisdiction, the majority would only require a determination that: (1) “the claim is founded upon a money-mandating source,” and (2) “the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source.” Majority Op. at 1309. Beyond these two requirements, it concludes that “[tjhere is no further jurisdictional requirement that the court determine whether the additional allegations of the complaint state a nonfrivo-lous claim on the merits.” Id. This analysis appears in my view to be inconsistent with the court’s decision in Moden, 404 F.3d at 1335. In Moden, decided one month after Fisher, this court provided:
Here the parties do not dispute that the Takings Clause of the Fifth Amendment is money-mandating. Thus, to the extent the Modens have a nonfrivolous takings claim founded upon the Fifth Amendment, jurisdiction under the Tucker Act is proper.
The government neither argues that the Modens’ claim is frivolous nor argues that it is so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy. And while at oral argument the United States repeatedly refused to concede that jurisdiction is proper in this case, it clearly is.
... In short, we have jurisdiction to address the merits of this case, as did the Court of Federal Claims, because the Modens’ claim is neither frivolous nor so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy.
Id. at 1341-42.
The majority attempts to disregard Mo-den by (1) “reading] Moden as holding that the plaintiff must make a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source of law,” and (2) *1312 claiming that the relevant statements in Moden “are dicta, and we are not bound by them, because the court did not consider the possibility that under Fisher a non-frivolous allegation on the merits of the claim was not required.”[3] Majority Op. at 1308-09 n. 9. First, I simply disagree with the majority’s reading of Moden. It does not confine the nonfrivolous claim requirement to a “class of plaintiffs” analysis. Second, contrary to the suggestion by the majority, the Moden court expressly addresses Fisher in the portion of the opinion discussing the nonfrivolous claim requirement for jurisdiction. The Moden court determined that jurisdiction was proper because a nonfrivolous claim was asserted, noting that the Fisher court’s jurisdictional discussion addresses another issue (i.e., how to determine whether a source is money-mandating). Moden, 404 F.3d at 1341.
In sum, based on this record, I would not foreclose dismissal for lack of jurisdiction of claims that point to a money-mandating source but are frivolous or “so insubstantial, implausible, foreclosed by prior decisions, or otherwise completely devoid of merit as not to involve a federal controversy.” Id. Therefore, I respectfully dissent-in-part.

. As explained by the majority, the plaintiffs' claims in the present case are properly construed as takings claims, not due process claims. See Majority Op. at 1309 n. 10.

. In support of its claim that the Moden court did not consider whether Fisher changed the nonfrivolous claim requirement, the majority states that "the opinion’s failure to consider this issue is not surprising, because the government did not raise it.” Majority at 1308-09 n. 9. Even if the majority is correct in its claim that the government did not raise this issue in Moden, we note that the same circumstance exists in the present case where neither party raised this issue.